REEDER *v*. WILBER.

Under Comp. Laws 1887, § 5308, providing that the record of a recorded acknowledged instrument is admissible in evidence when by the party's own oath or otherwise the original is shown not to belong to the party

wishing to use it, and not within his control, plaintiff lays a sufficient foundation for introduction of the record of deeds in the chain of title to his grantor by testimony of plaintiff's attorney that as his agent he purchased the property, and had entire charge of the transaction; and received the deed from the grantor, that neither he nor plaintiff received any of the other instruments in the chain of title, and that he never heard where any of them were.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Brown county; Hon. J. H. McCoy, Judge.

Action by Edward Reeder against Hiatt Wilber. Judgment for defendant. Plaintiff appeals. Reversed.

*S. H. Cranmer*, for appellant.

*C. M. Stevens*, for respondent.

FULLER, J.   This action to quiet the title to certain real property in the village of Columbia resulted in a judgment in favor of defendant, and plaintiff appeals.

To lay the foundation for the introduction of the records of instruments in the office of the register of deeds, showing appellant's chain of title complete through mesne conveyances from the United States, his attorney was sworn and testified as follows: "I reside in Aberdeen, S. D.   I am agent and attorney for Edward Reeder, the plaintiff in this action, and as his agent I purchased the property mentioned in plaintiff's complaint from J. E. Mossengren.   I had charge of all the matters pertaining to the purchase of the property for plaintiff, and received from Mossengren the deed to plaintiff as the agent and attorney for said plaintiff.   The plaintiff, Edward Reeder, has not in his possession, and does not own, and has not under his control, any of the papers or instruments con-

nected with the chain of title to the property mentioned in the complaint, except the deed from Mossengren to plaintiff, and has never had in his possession any of such instruments. None of the original instruments or papers connected with the chain of title to the real estate described in the complaint in this action have ever been in my possession, or under my control, or owned by me, except the deed running to plaintiff. None of these instruments are in my possession today, or where I can reach them. I do not know where they are. I never saw any of them. I never heard where any of them are." Cross examination: "I know that Mr. Reeder and Mr. Mossengren didn't have any transactions. I carried on all of it myself. Mr. Mossengren never told me anything. He never saw me. I know where he sent them, because he sent the deed to me. I had entire charge of the matter, and did not instruct him to send to any other one. That is not all I know. I know he did not send to anybody else. I said this Reeder lived in the state of Washington. I don't know just exactly where he lives now. I have not offered the deed in evidence. I received the deed I have been testifying about eight or nine months ago. Mr. Reeder was then living in the state of Washington. I don't know just where he was." When the record of the several instruments duly identified was offered as evidence in support of the complaint, counsel for respondent interposed an objection, which was sustained, and such ruling of the court is assigned as error. The statute in force at that time and governing the admission of such evidence is as follows: "The record of such instrument, or a duly authenticated copy thereof, is admissible in evidence whenever, by the party's own oath, or otherwise, the original is shown to be lost, or not belonging

to the party wishing to use the same, and not within his control." Section 5308, Comp. Laws 1887. In the absence of facts or circumstances to the contrary, or any presumption that the original instruments were in the possession of appellant or his agent and attorney, we consider the preliminary proof sufficient to render the record of such instruments admissible in evidence, and it was erroneous to exclude them. This view renders unnecessary any further consideration of appellant's assignments of error.

The judgment appealed from is reversed, and a new trial ordered.